Littleton, Judge,
delivered the opinion of the court:
The question in this case is the statute of limitations.
Plaintiff was a 5 point veteran of World War I, and is therefore entitled to the benefits of the Veterans’ Preference *464 Act of 1944. He was employed at the Norfolk Naval Shipyard from March 6, 1941, to November 20, 1944, on which latter date he was discharged for insubordination. At the time of his discharge he was being paid $8.56 per diem.
• "As a veteran of a foreign war, he appealed to the- U. S. Civil Service Commission the action of the Navy Yard dismissing him, as he was required to do, and that Commission Ordered plaintiff reinstated. Despite this decision and order of the Civil Service Commission, the Navy Yard at Norfolk refused to comply with the order of the Commission, and plaintiff was not paid for the period of his unlawful dismissal or for any period subsequent to the restoration order of the Civil Service Commission. Defendant does not state.or attempt to give the reason for this conduct on the part of the Navy Yard. .
This decision and order of the Civil Service Commission’s Board of Review, which had the approval of the Civil Service Commission, was transmitted to the Commandant, Norfolk Navy Yard, July 23,1945. He ignored it. 1
On June 7, 1946, a letter was sent by the i Civil Service Commission, sighed on its behalf by the President of the Commission, to the Chief, Office of Industrial Relations, Division of Shore Establishments and Civilian Personnel of the Navy Department by the Civil Service Commission, in which the Commission again gave its opinion on the case and in which it renewed its request that plaintiff be restored to his-job. This was not done by the Navy. In addition to the decisions'of July 23,1945, and June 7,1946, the Commission also sent its decisions to the Secretary of Navy by . letter signed. “By the Commission” by its President, advising him that plaintiff’s removal was improper, contrary to the facts, and stating that under the Civil Service rules and regulations he should be restored as first ordered. The Secretary did nothing about the matter.
Even if we were to say that plaintiff’s cause of action accrued on the date of the Commission’s last restoration order, June 7, 1946, which represents the date most favorable to plaintiff, he must still be denied recovery because of the lapse of more than six years before the filing of his petition On May 26,1953. 28 U. S. C. 2501.
*465 . Plaintiff’s, case is barred by limitation. Since plaintiff’s claim is barred be can only seek relief in Congress andas not entitled to recover in this court.
The' petition is therefore dismissed.
It is"so ordered.
Madden, Judge; Whitaker, Judge; and Jones, Chief Judge., concur.
Judge Laramore took no part in the consideration or decision of this case.